# James L. Wilcox and others v. Henry Ismon and another.

*Affidavit for capias: Conversion.* An affidavit for a *capias ad respondendum* which charges clearly enough an unlawful conversion of the property of the plaintiffs, is held sufficient.

*Appearance bail: Officer making the arrest: Under sheriff: Obligee.* Under the statute (*Comp. L. 1871, § 5738*) requiring bail bonds for appearance to be executed to the officer making the arrest, a bond running to the under sheriff, when that officer made the arrest, is not thereby rendered invalid.

*Bail pieces: Waiver: Bond.* The failure to give bail pieces to the sureties on a bail bond, where they have waived their rights in the matter by not demanding them, will not prejudice the plaintiff in the action, nor invalidate the bond.

*Bail bonds: Assignment: Seal.* An assignment of a bail bond need not be under seal, in the absence of such a statutory requirement.

*Bail bonds: Assignment: Official character.* Such an assignment need not be made in the official character of the officer to whom the bond ran, the official character appearing in the bond itself; any assignment purporting to transfer the bond is sufficient.

*Appearance bail: Acceptance of plea: Waiver.* The acceptance of a plea, and proceeding in the suit, is not a waiver of the right to proceed against the appearance bail.

*Bail bonds: Measure of damages: Judgment.* In an action on a bail bond the judgment in the original suit is admissible in evidence, as fixing the measure of damages.

*Appearance bail: Sureties: Failure to put in special bail.* Sureties on appearance bail become liable on failure to put in special bail to the same extent that sureties on special bail would if special bail had been put in.

*Appearance bail: Neglect to proceed against the sheriff: Option.* Neglect on the part of the plaintiff to proceed against the sheriff or his bail, does not discharge the appearance bail, the plaintiff having the option to proceed against the sheriff or to take an assignment of the bond for appearance.

*Heard June 7.    Decided June 13.*

Error to Van Buren Circuit.

*George W. Lawton* and *Richards & Mills,* for plaintiffs in error.

*C. L. Fitch,* for defendants in error.

COOLEY, CH. J:

The plaintiffs in error were sureties on the bail bond of

James A. McKibbin, who had been arrested at the suit of defendants in error on a *capias* issued in an action of trespass on the case. The arrest appears to have been made by Noble D. Richardson, under sheriff of Van Buren county, and the bond was given to him by that designation, without mentioning the sheriff. McKibbin failed to put in special bail as required by his undertaking, and Richardson assigned the bail bond to the plaintiffs, who brought this suit. Previous to doing so, however, an issue had been formed in the original action, and the case had proceeded to a judgment in their favor.

I. It is objected that the affidavit on which the order of arrest was made was insufficient. The affidavit was. as follows:

"STATE OF MICHIGAN, } ss.
  *Van Buren County,* }

"Henry Ismon, of the village of Paw Paw, in said county and state, being duly sworn, deposes and says that he is in copartnership with Horace S. Ismon, of the county of Jackson and state of Michigan, with whom he is engaged in business at the village, county and state first aforesaid, under the firm name and style of H. & H. S. Ismon; that he makes this affidavit as well in behalf of said Horace S. Ismon as of this deponent, and that he is personally acquainted with and cognizant of the facts stated and set forth in this affidavit.

"And this deponent further saith, that on the 14th day of May, A. D. 1872, said H. & H. S. Ismon, and one James McKibbin, purchased a certain horse known as Night Hawk, Jr., and one skeleton wagon, for the sum of six hundred dollars, of which said McKibbin paid one-half and said firm paid the remaining one half, by which said purchase said firm and said McKibbin became the owners of said property in undivided moieties.

"And this deponent further saith that on or about the 5th day of November, 1872, the said McKibbin took said property into his possession, and agreed with said firm that

he would pay the keeping of said horse for the use of the same.

"And this deponent further saith that on or about the 8th day of July, A. D. 1873, this deponent, in conversation with said McKibbin, asked him, said McKibbin, to put said horse into the hands of some competent person to be fitted for trotting, and that said James McKibbin told this deponent to go to hell.

"And this deponent further saith that on or about said 8th day of July, 1873, with the intent to defraud said firm of H. & H. S. Ismon, said James McKibbin secretly disposed of said property, and now refuses to account or to pay said firm for their interest therein.

"And this deponent further saith that in a conversation with said McKibbin on the 11th day of July, A. D. 1873, said McKibbin told this deponent that said property was gone, and that this deponent might whistle for his interest therein, for he could never have a cent for the same.

"And this deponent further saith that said firm of H. & H. S. Ismon, at the time said property was as aforesaid disposed of by said McKibbin, owned an undivided one-half interest therein, and that the value of said undivided one-half was five hundred dollars.

"And this deponent further saith that he verily believes that, upon the aforesaid facts, said Henry Ismon and Horace S. Ismon have a good cause of action against said James McKibbin in an action of trespass on the case, and claim damage in the sum of five hundred dollars.

　　　　"(signed)　　　　　　　　HENRY ISMON.

"Sworn and subscribed to before me this 14th day of August, A. D. 1873.

　　　　　　　　　　"SAMUEL HOLMES,
　　　　　　　　　　　"*Notary Public.*"

We discover no difficulty with this affidavit. It shows a clear case of unlawful conversion of the property of the plaintiffs, and the criticism made upon it does not reach its substance.

II. It is argued that the bail bond is invalid because taken to the under sheriff instead of the sheriff. The statute (*Comp. L. 1871*, § *5738*) requires it to be executed to the officer making the arrest. This undoubtedly means the sheriff when the arrest is made by him or by one of his officers; for in contemplation of law whatever is done by them is done by him. —*Watson on Sheriffs, 31–2; Cameron v. Reynolds, Cowp., 403; Simonds v. Catlin, 2 Caines, 61.* We are not satisfied, however, that a bail bond taken to the under sheriff is invalid for the informality. The bond to the sheriff's officer may well be treated as a bond to the sheriff himself; it is to the office rather than to the individual. But in this case it is not shown that there was any sheriff; and if there was not, the under sheriff by law was vested with the powers of the sheriff, and entitled to do all official acts in his own name.—*Comp. L.*, § *554*.

III. It was shown that when the bail bond was given no bail pieces were delivered to the sureties as required by the statute; and this, it is urged, invalidated the obligation. We think not. The sureties had a clear right to them.— *Comp. L. 1871*, § *5739*. But we think they might waive the right, and that they do waive it when they do not call for them. Had they requested them, it is to be presumed they would have received them; and if not delivered at the time, the delivery might have been compelled afterward on demand. But when they deliver the bond without requiring the bail pieces which the statute contemplates shall be delivered simultaneously, the plaintiff, we think, is not concerned with the omission, and is not to be prejudiced by it.

IV. The assignment of the bond is objected to, not only because made by the under sheriff, but also because not under seal, and not purporting to be an official act. The statute now in force (*Comp. L. 1871*, § *5754*) does not require it to be under seal, as some earlier statutes did, and the seal was therefore not essential. Nor do we think the assignment need purport to, be an official act, the official character appearing in the bond itself, upon which the assign-

ment was endorsed. Any endorsement by the officer purporting to transfer the bond to the plaintiffs would be sufficient; he holds the bond for his protection as an individual, and transfers it to the plaintiffs that they themselves may assume the responsibility.

V. The point is made that plaintiffs, by accepting a plea and proceeding in the suit, waived their right to proceed against the appearance bail. This point was referred to in *De Myer v. McGonegal, 32 Mich., 120,* and what is there said indicates our views against it. There seems to be no necessity for considering it further.

VI. The defendants objected to the judgment in the original suit being given in evidence against them. But this was the proper method to show the damages the plaintiffs had sustained. The bail had become responsible for the defendant's appearance and for his putting in special bail. If he failed in this, the sureties were responsible to the same extent that the special bail would have been, had any been entered. It is also claimed that the sureties were discharged by the neglect to move against the sheriff or his bail. But we think there is nothing in this. The plaintiffs had their option to proceed against the sheriff or to take an assignment of the bond. They chose the latter course. There was no delay that the statute permits these parties to take advantage of, nor was there any that operated to their prejudice.

The judgment appears to be correct, and it is affirmed, with costs.

The other Justices concurred.