GRACE FISHER v. JOHN DREWA, JOHN LESSNAU, AND LOUIS EASLER.

*Capias—Appearance bail—Suit on bond—Return of ca. sa.*

Where a plaintiff, on failure of a defendant to put in *special* bail, proceeds to judgment without taking an assignment of the *appearance* bail bond,—

*Held,* that the *appearance* bail continued liable in the same manner as *special* bail, and are entitled, in a suit on the bond, to the same defenses as *special* bail, and that, until the return of an execution against the body of the defendant "not found," suit will not lie against the appearance bail. *Wilcox v. Ismon,* 34 Mich. 268; How. Stat. § 7332.

Error to superior court of Detroit. (Chipman, J.) Argued November 4, 1886. Decided November 17, 1886.

Debt on appearance bail bond. Defendants bring error. Reversed, and case dismissed, with costs. The facts are stated in the opinion.

*G. X. M. Collier (F. A. Baker,* of counsel), for appellants.

*Charles Kudner (Otto Kirchner,* of counsel), for plaintiff.

SHERWOOD, J. This action is brought upon a bond to the

sheriff of Wayne county, given by the defendant Louis:
Easler to obtain his release from arrest on a *capias ad respon-
dendum*, and for his appearance in the cause.

. Special bail was not given.

The plaintiff in the suit wherein the writ issued proceeded:
to judgment, and, after execution, returned unsatisfied,.
against property, took an assignment of the bond to the
sheriff, and now brings her suit thereon, in pursuance of
section 7323, How. Stat., and was allowed to recover
judgment against the defendants for the sum of $500.

On the trial at the circuit the defense urged was that the·
action would not lie, a *ca. sa.* never having been issued against,
the defendant in the suit in which the bond was given; and,
this is the question now raised before us for review.

Under the decisions of this Court heretofore made, I think.
the position taken by defendants' counsel must be sustained..

In the original suit, the plaintiff, it would appear, was-
satisfied with the appearance bail taken, and did not take·
her assignment of the bond until after judgment had been,
rendered. In such case, as the practice now exists, and:
under the statutes, the appearance bail continue liable in the
same manner as special bail, and are entitled to the same-
defenses as would be available to special bail had it,
been given; and it would be difficult to give any good
reason why they should not be so. C. C. Rule 20; *DeMyer·
v. McGonegal*, 32 Mich. 120; *Wilcox v. Ismon*, 34 Id. 268;.
1 Green, Pr. 441.

Mr. Justice COOLEY, in *Wilcox v. Ismon*, says:

"The sureties were responsible to the same extent that the·
special bail would have been had any been entered."

Mr. Justice GRAVES says, in 32 Mich.:

"The right to surrender ought to continue until, in regu-
lar course, an execution against the body fails."

I cannot believe that it was ever intended by the Legisla-
ure and the Court to cast upon the appearance bail all the·

obligations of bail to the action, and at the same time deprive them of the means of mitigation and defense secured to the latter.

By section 7332 of Howell's Statutes it is provided that no suit can be brought against special bail until an execution against the body has been issued, and return thereto made by the sheriff that the defendant cannot be found. This was not done, and this defense, in my judgment, was well made in this case. The judgment should therefore be reversed, and the case dismissed, with costs.

The other Justices concurred.