## HUGHES *v.* HALLY.

1. ARREST — JAIL-LIMITS BOND — ASSIGNMENT — DEPUTY SHERIFF.

   3 Comp. Laws, § 10520, providing that, if a bond for the liberty of jail limits shall be forfeited, the person at whose suit the prisoner shall have been confined shall be entitled to an assignment thereof, which shall be made by the sheriff taking it, or by his successor, or, in case of vacancy, by an undersheriff, by an indorsement thereon, is not mandatory to the extent of prohibiting a sheriff from assigning by his deputy.

2. SAME — ATTORNEYS — JAIL-LIMITS BOND — VIOLATION — ATTENDANCE ON SUPREME COURT.

   1 Comp. Laws, § 1117, providing that all officers of courts of record shall be liable to arrest, and may be held to bail, in the same manner as other persons, except during the actual sitting of any court of which they are officers, does not permit counsel, who has been arrested, and has given bail for liberty of jail limits, not during, but before, the actual sitting of a court, to violate the condition of his bond by going beyond the limits of the county, when thereafter professional engagements call for his presence in the Supreme Court.

137 MICH.—28.

3. SAME—FORFEITURE OF BOND—DAMAGES.

> One who is arrested on a capias ad satisfaciendum, gives bond for liberty of jail limits, is then surrendered by his sureties, and afterwards gives another such bond, is thereafter confined, not on a surrender in exoneration of bail, but by virtue of a capias ad satisfaciendum, within 3 Comp. Laws, § 10521, providing the various measures of damages in such cases for forfeiture of such a bond.

Error to Wayne; Hosmer, J.  Submitted June 16, 1904.  (Docket No. 31.)  Decided July 27, 1904.

Debt by Michael F. Hughes against Patrick J. M. Hally and Samuel Kennedy for the amount of a bond. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error.  Affirmed.

*T. E. Tarsney* and *A. B. Hall*, for appellants.

*Richard Price*, for appellee.

HOOKER, J.  In June, 1897, plaintiff recovered a $500 judgment in Wayne circuit court against a newspaper called the Catholic Witness and Patrick J. M. Hally. Costs were taxed at $80.95.  On September 20, 1897, an execution was returned unsatisfied.  On December 30th plaintiff caused a capias ad satisfaciendum to be issued against Hally, and he was arrested by the sheriff on December 31st.  On the same day Hally gave a bond for the liberty of jail limits to Chipman, sheriff, with Sheeran and Thompson sureties.  The bond was for $1,162.  This bond was afterwards given by Chipman to G. Duffield Stewart, his successor in office, and while he was sheriff the sureties surrendered Hally in exoneration of bail.  On December 28, 1900, the sheriff took another bond for jail limits, Kennedy being surety, for $1,162.  Afterwards Hally, as assistant corporation counsel, attended the Supreme Court at Lansing upon official business, and while there Hughes procured an assignment of the bond, and began suit against the defendants upon the same.  A

verdict was directed in favor of the plaintiff, and defendants have appealed.

The questions involved in the case were:

1. Was the assignment of the bond a valid assignment, being made by "Henry A. Dickson, sheriff, by L. W. Hines, deputy sheriff."

2. Was the leaving of Wayne county, under the circumstances, a breach of the bond?

3. Should the damages have been limited to nominal damages?

3 Comp. Laws, § 10520, provides that the plaintiff shall be entitled to an assignment, and specifies that a sheriff or his successor in office, or, in case of a vacancy, his undersheriff, shall make it by indorsement thereon. We think that this is not a mandatory provision to the extent of prohibiting a sheriff from assigning by his deputy. The plaintiff had a right to demand it, and the sheriff no right to refuse it. See *Wilcox* v. *Ismon*, 34 Mich. 268.

The second point rests upon section 1117 of the Compiled Laws, which provides:

" All officers of the several courts of record shall be liable to arrest, and may be held to bail, in the same manner as other persons, except during the actual sitting of any court of which they are officers," etc.

This statute exempts counsel from arrest on process and being held to bail, during the actual sitting, etc. Hally was not so arrested. He was arrested before, and had given bail. He now contends, in substance, that this statute permits him to violate the condition of his bond, and, in effect, that jail limits are to be extended, in the case of a lawyer, beyond the confines of the county, when professional engagements call for his presence at the Supreme Court. No authority in point is cited, and we think the claim should not be sustained.

3 Comp. Laws, § 10521, provides for a suit upon the bond, and that damages shall be as follows:

" If the prisoner escaping was confined by virtue of an execution, or by virtue of an attachment for nonpayment

of costs, the measure of the plaintiff's damages shall be the amount directed to be levied by such execution or attachment with interest thereon to the time of such recovery. If such prisoner was confined by virtue of a capias ad respondendum, or upon a surrender in exoneration of his bail, made before or after judgment rendered against him, the plaintiff shall recover only the actual damages sustained by him."

It is now contended that defendant was confined upon a surrender in exoneration of bail, and actual damages only, and not the amount of the judgment, are recoverable. We think not. He was confined by virtue of a ca. sa., and this was extended to jail limits by his bond. The damages are fixed by paragraph 1 of the section quoted.

The judgment is affirmed.

The other Justices concurred.